675 So.2d 817 (1996)
Wayne C. DUCOTE and the Board of Commissioners of the Orleans Levee District
v.
Michael McCROSSEN and Bernard J. Bagert, Jr.
No. 95-CA-2072.
Court of Appeal of Louisiana, Fourth Circuit.
May 29, 1996.
Frank J. Uddo, Anthony J. Milazzo, Jr., Uddo & Milazzo, Metairie, for plaintiff.
Bernard J. Bagert, Jr., New Orleans, in Pro Per., Defendant/appellee.
Before SCHOTT, C.J., and LOBRANO and ARMSTRONG, JJ.
*818 ARMSTRONG, Judge.
This is a suit for a writ of mandamus to cancel the inscription of a notice of lis pendens. The notice of lis pendens at issue gives notice of a suit seeking cancellation of an assignable lease of immovable property ("the lien cancellation suit"). The plaintiffs maintain that the lien cancellation suit does not affect title to the leased immovable property and, therefore, the notice of lis pendens is improper. The trial court disagreed with the plaintiffs and so do we. Accordingly, we affirm the trial court's judgment.
Plaintiff Wayne Ducote owns a lot with a home that borders on property of the Orleans Levee District ("OLD"). Ducote leased a portion of the OLD property and uses it as part of his private yard. The lease is for a number of years and has a specified annual rental. Originally, the lease was not assignable but subsequently was amended by OLD and Mr. Ducote so as to allow Mr. Ducote to assign it.
Defendant (in this action) Bernard J. Bagert, Jr. filed the lease cancellation suit seeking to have the lease between OLD and Mr. Ducote declared illegal and void. Mr. Bagert recorded a notice of lis pendens, giving notice of the lease cancellation suit, against both the OLD property covered by the lease and the adjacent lot actually owned by Mr. Ducote.
Mr. Ducote and the OLD's Board of Commissioners filed the present action seeking a writ of mandamus to cancel Mr. Bagert's notice of lis pendens. They named as defendants the recorder of mortgages, Michael McCrossen (as a nominal defendant), and Mr. Bagert himself. The trial court judgment orders that the notice of lis pendens be cancelled as to, but only as to, the property actually owned by Mr. Ducote. Mr. Bagert does not appeal that decision. However, the trial court judgment does not order the cancellation of the notice of lis pendens as to the lease and the OLD property covered by the lease. OLD appeals that decision.
A notice of lis pendens may be recorded to give notice of the pendency of an action "affecting the title to, or asserting a mortgage or privilege on, immovable property. "La.Code Civ.Proc. art. 3751. "The purpose of a notice of lis pendens is to give effective notice to third persons of the pendency of litigation affecting title to real property." Whitney National Bank v. McCrossen, No. 93-CA-2160 (La.App. 4th Cir. 3-29-94), 635 So.2d 401. The recordation of the notice of lis pendens makes the outcome of the suit as to which notice is given binding on third parties and that is the only purpose of the notice of lis pendens. Id. So long as an action is pending and affects title to immovable property, then the notice of lis pendens giving notice of that action is proper and the merits of the pending action do not affect the propriety of the notice of lis pendens. Id.
The issue is simply whether the lease cancellation suit "affects title" to the leased property within the meaning of Article 3751. We hold that it does. Although there is an absence of caselaw on point, we think that the purposes of Article 3751 are best served by holding that the lease cancellation suit "affects title" to the leased OLD property.
Suppose, for example, Mr. Ducote wished to assign the lease to a third party. The potential purchaser (assignee) would not know (or at least not be on notice via the public records) that the lease was the subject of a suit for cancellation. There would be a question of whether the assignee of the lease would be bound by the outcome of the lease cancellation suits (a question we do not address in this opinion). In fact, Mr. Bagert's brief asserts that Mr. Ducote wishes to assign the lease in connection with a sale of his own property. We need not analyze the theoretical nature of a lease of immovable property. See generally A.N. Yiannopoulos, Louisiana Civil Law Treatise: Property, Section 226 (discussing nature of lease of immovable property as creating personal rights only and that, regardless of whether it is recorded, such lease creates incorporeal immovable). The general policy of public record notice of actions "affecting title" to immovable property is implicated by the lease cancellation suit.
If a lease of immovable property is recorded, then it may be asserted by the lessee against third persons acquiring rights from the owner of the immovable. See Yiannopoulos, *819 supra. Thus, such a lease might best be viewed as "affecting title" to the immovable property as the term "affect title" is used in Article 3751. Consequently, a suit seeking cancellation of such a lease also would be viewed as "affecting title" as the term "affecting title" is used in Article 3751. Thus, that suit properly would be the subject of a notice of lis pendens.
For the foregoing reasons, the judgment below is affirmed.
AFFIRMED.