| tMICHAEL E. KIRBY, Judge.
Plaintiff, Wolfman, Inc., appeals the September 30, 2002 trial court judgment in favor of the defendants, City of New Orleans, et al, denying plaintiffs petition for *262 a writ of mandamus seeking to compel' the defendants to issue to plaintiff a permit to operate a standard restaurant.
Before summarizing the series of events leading to this appeal, we note that plaintiff and defendants have attached to their briefs items that are not contained in the record, and have referred to those items in their arguments. As a court of record, we must limit our review to that which is in the record before us. Ventura v. Rubio, 2000-0682, pp. 3-4 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 885. The record contains no transcripts of the hearings in this matter.
On September 13, 2002, plaintiff filed a petition for a writ of mandamus and for declaratory judgment, naming as defendants the City of New Orleans; the City of New Orleans, Departments of Safety and Permits and Finance; Mr. Paul A. May, in his capacity as Director of the Department of Safety and Permits; Mr. Reginald Zeno, in the capacity as Director of the Department of Finance; and the | ¡.Board of Zoning Adjustments (“BZA”), City Planning Commission, City of New Orleans. In that petition, plaintiff asked that a writ of mandamus issue to the defendants ordering them to either issue licenses and/or permits for plaintiff to open and operate a standard restaurant at 943 Whitney Avenue, and such other municipal locations that plaintiff desires to open and operate similar standard restaurants, or show cause to the contrary on September 19, 2002. This petition also asked that a declaratory judgment issue against the BZA stating that the BZA’s rules prevent it from reconsidering, at a subsequent meeting, its reversal of the decision of the Director of the Department of Safety and Permits denying plaintiffs occupational license application.
Plaintiff owns and operates a restaurant called Chicken Box, with several locations throughout the City of New Orleans. Plaintiff sought to establish a Chicken Box outlet in the area zoned as the B-l Neighborhood Business District. On June 14, 2002, plaintiff applied for an occupational license to operate a “standard restaurant” at 943 Whitney Avenue in New Orleans. In support of its application, plaintiffs attorney sent a letter to Mr. Paul May, the Director of the Department of Safety and Permits for the City of New Orleans, and attached documentation to support its request that the proposed Chicken Box restaurant be deemed a “standard restaurant,” rather than a “fast food restaurant.” Shortly thereafter, plaintiffs application was denied. The denial of the application is not in the record. On June 21, 2002, plaintiff appealed the denial of its occupational license application to the BZA.
laBy letter dated September 6, 2002, Mr. May requested that the BZA grant a “rehearing” in this matter in order to afford the BZA an opportunity to hear a complete explanation of the decision of the Department of Safety and Permits. Mr. May further stated that his department’s position was not represented at the BZA’s previous meeting. On August 16, 2002, the BZA, noting the plaintiffs appeal was heard at a public hearing on August 12, 2002, granted plaintiffs appeal and reversed the decision of the Director of the Department of Safety and Permits denying plaintiffs occupational license application. In the order granting the appeal, the BZA stated that counsel for plaintiff appeared at the August 12, 2002 public hearing to appeal the decision of the Director of the Department of Safety and Permits that the Chicken Box on 943 Whitney Avenue would not meet the requirements to be categorized as a standard restaurant. On September 13, 2002, the trial court issued a writ of mandamus ordering the defendants to either issue licenses and/or per *263 mits for plaintiff to open and operate a standard restaurant at 943 Whitney Avenue, and such other municipal locations that plaintiff desires to open and operate similar standard restaurants, or show cause to the contrary on September 19, 2002.
On September 18, 2002, the defendants filed a peremptory exception of no cause of action, arguing that mandamus is not the appropriate remedy for denial of “the alcoholic beverage permit in question.” The record in this case does not include a request for an alcoholic beverage permit at the restaurant located at 943 Whitney Avenue, and the plaintiff states in its appeal brief that no alcoholic |4beverage permit was ever requested. The defendants also argue in this exception that plaintiff failed to exhaust its administrative remedies before filing a petition for writ of mandamus.
On September 23, 2002, the defendants filed a memorandum in opposition to the writ of mandamus concerning the issue of the applicability of Robert’s Rules of Order. In that memorandum, the defendants argue that under Robert’s Rules of Order, the BZA can reconsider an earlier vote at any time.[1]
On September 30, 2002, the trial court rendered judgment in favor of the defendants denying plaintiffs petition for writ of mandamus. In reasons for judgment, the trial court noted that this matter came before the court on September 20, 2002[2] for a hearing on a petition for a writ of mandamus and was subsequently taken under advisement to determine whether the defendants failed to follow proper procedure when the BZA placed this issue on its agenda after having heard and ruled in favor of plaintiff in a previous meeting in the absence of the Director of the Department of Safety and Permits.
The trial court stated that Section 37 of Robert’s Rules of Order states in pertinent part, “a reconsideration can be moved only by one who voted aye if the motion involved was adopted, or no if the motion was lost.” The court noted that plaintiff contends that the making of such a Motion to Reconsider must be made on the same day the vote to be reconsidered was taken. The court stated that those are Uthe general rules regarding reconsideration of an issue, and Robert’s Rules of Order provide that a motion to reconsider a vote in a committee can be made and taken up regardless of the time that has elapsed since the vote was taken.
The trial court found that under Robert’s Rules of Order, the BZA could move to reconsider an issue during the next meeting following the first hearing on that issue. It found the fact that Mr. May made a request to the BZA to reconsider the issue to be inconsequential. The court found that it was appropriate for the BZA itself to move for and grant the reconsideration and subsequently set it for rehearing at a later meeting. The petition for a writ of mandamus was denied as premature because plaintiff had not yet exhausted all of the administrative remedies available, 1.e. because the BZA was set to rehear the matter on October 14, 2002.
Plaintiff appealed the trial court judgment. On appeal, plaintiff argues that the trial court erred in ruling that the BZA is entitled to reconsider its decision in plaintiffs favor at a subsequent meeting even though no motion to reconsider was made until a subsequent meeting.
*264 Section II.E.l of the BZA Rules states, “in the absence of any provision in these rules to the contrary, the rules of procedure provide by Robert’s Rules of Order shall prevail.” The BZA Administrative Rules, Policies and Procedures do not include procedural rules for reconsideration; therefore, we must look to Robert’s Rules of Order.
Section 37 of Robert’s Rules of Order states as follows, in pertinent part:
1 ^Reconsider — a motion of American origin — enables a majority in an assembly, within a limited time and without notice, to bring back for further consideration a motion which has already been voted on. The purpose of reconsidering a vote is to permit correction of hasty, ill advised, or erroneous action, or to take into account added information or a changed situation that has developed since the taking of the vote.
* % * * #
(b) the making of this motion is subject to time limits, as follows: In a session of one day — such as an ordinary meeting of a club or a one-day convention — the motion to Reconsider can be made only on the same day the vote to be reconsidered was taken. In a convention or session of more than one day, a reconsideration can be moved only on the same day the original vote was taken or on the next succeeding day within the session on which a business meeting is held. These times limitations do not apply to standing or special committees.
The original hearing of plaintiffs appeal of the denial of its occupational license application was held on August 12, 2002. At the conclusion of that hearing, the BZA granted plaintiffs appeal and reversed the decision of the Director of the Department of Safety and Permits denying plaintiffs application. All parties agree that the motion to reconsider plaintiffs appeal was made at a subsequent hearing on September 9, 2002, and a new hearing date of October 14, 2002 was set. After the October 14, 2002 hearing, the BZA reversed its August 12, 2002 decision and reinstated the earlier decision of the Director of the Department of Safety and Permits denying plaintiffs occupational license application.
Plaintiff argues that the trial court erred in concluding that the BZA is a committee, and entitled to make a motion to reconsider a vote regardless of the l7time that has elapsed since the vote was taken. We agree. By its own title, the BZA is a board. Furthermore, the City of New Orleans Home Rule Charter refers to the BZA as a board. The defendants cite no legal authority to support its position that the BZA is a hybrid of a board and a committee, and we can find none. The exception to the time limitations set forth in Robert’s Rules of Order, Section 37(b) applies only to standing or special committees, and we find the BZA to be neither.
As a board, the only way the BZA could properly reconsider its August 12, 2002 vote to reverse the decision of the Director of the Department of Safety and Permits denying plaintiffs occupational license application was if a motion to reconsider had been made on that same date. No motion to reconsider was made on August 12, 2002. The parties agree that the motion to reconsider the August 12, 2002 vote was not made until the meeting on September 9, 2002. The BZA chose to abide by the procedural rules of Robert’s Rules of Order, and under those rules, the September 9, 2002 motion to reconsider was untimely. See and cf., Old Carrollton Neighborhood Association v. City of New Orleans ex rel. Its Board of Zoning Adjustments, 2003-0711, pp. 10-11 (La.App. 4 Cir. 10/1/03), 859 So.2d 713, 718-719, writ denied, 2003- *265 3021, 2003-3026, (La.1/30/04), 865 So.2d 79, 80.
La. C.C.P. article 3863 states that a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. Once the BZA voted on August 12, 2002 to reverse the Department of Safety and Permits’ denial of plaintiffs occupation license application and then did not move to reconsider that decision on that same date, it became the ministerial duty of the BZA to grant plaintiffs application to operate as a standard restaurant.
|sFor the reasons stated above, we reverse the trial court judgment denying plaintiffs petition for writ of mandamus. A writ of mandamus is hereby issued ordering the defendants to grant the plaintiffs occupational license application for a standard restaurant to be operated at 943 Whitney Avenue in New Orleans, and issue the permits necessary for the operation of a standard restaurant at that location once the prerequisites for issuance of those permits have been met. In light of our conclusion, we need not address plaintiffs remaining assignment of error.
REVERSED; WRIT OF MANDAMUS GRANTED.

. Apparently, the trial court gave the defendants additional time to file an opposition memorandum after the September 20, 2002 hearing.

. Although originally set for hearing on September 19, 2002, a Thursday, the trial court apparently heard the motion on September 20, 2002.