|TLEON A. CANNIZZARO, JR., Judge.
The defendant, Carl Ellis, appeals a district court judgment denying his motion to suspend child support. For the reasons set forth below, we affirm.
FACTS AND PROCEDURAL HISTORY
On July 2, 1984, the State of Louisiana, through the Department of Health and Human Resources, Office of Family Security, filed a petition to establish paternity and support obligation against Mr. Ellis. On July 3, 1984, a consent judgment was rendered that declared Mr. Ellis to be the father of the minor child, Carl Collins, and established child support in the amount of one hundred dollars per month.
On June 25, 2002, a rule for contempt and to make past due child support in the amount of $17,623.00 executory was filed on behalf of the State. After being continued for lack of service, the case was set for a hearing on January 9, 2004. The record does not reflect the outcome of that matter. On August 5, 2004, Mr. Ellis filed a motion to suspend his child support obligation. The trial court heard the matter and rendered judgment on September 10, 2004, denying the motion to suspend due to the fact that the matter was moot.
I ¿DISCUSSION
The transcript of the hearing reflects the following: Mr. Ellis, appearing before the trial court in proper person, explained that he filed the motion to suspend his child support obligation because his son was now 23 years old. The attorney for the State informed the court that the ongoing child support obligation had been suspended years before. Accordingly, the trial court rendered a judgment, denying Mr. Ellis’ motion to suspend as moot.
Although the only mátter before the trial court on September 10, 2004 was the motion "to suspend child support, the transcript reflects a colloquy regarding Mr. Ellis’ child support arrearages. Mr. Ellis explained to the court that he had been disabled since 1989. He stated that monthly deductions from his Social Security disability benefits were erroneously sent directly to the mother of his child and, therefore, ■ had not been credited to the State. The attorney representing the State confirmed this fact and further informed the court that the matter was being investigated. The trial court directed the State to refer the welfare fraud issue to the appropriate agency and to further provide Mr. Ellis with advice and assistance. Otherwise, there was no ruling on this issue.
On appeal, Mr. Ellis does not assign error in connection with the September 10, 2004 judgment. Instead, Mr. Ellis argues that the State violated his due process rights and abused its discretion by keeping a 21-year-old case open in spite of the fact that he was disabled since 1989. While we understand Mr. Ellis’ predicament, it is nevertheless clear from the record that the issue he has raised on appeal is outside of the scope of the judgment appealed.
As a court of record, we must limit our review to that which is in the record before us. Ventura v. Rubio, 00-0682 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 885; Wolfman, Inc. v. City of New Orleans, 03-0120 (La.App. 4 Cir. 4/21/04), 874 So.2d 261. The Court of Appeal is not a court of first impression and cannot review evidence that was not before the trial court. Arceneaux v. Arceneaux, 98-1178 (La.App. 4 Cir. 3/17/99), 733 So.2d 86. *602 Rule 1-3, Uniform Rules, Courts of Appeal, provides:
The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.
In this case, we are limited to a review of the pleadings, transcript and judgment. In doing so, we take notice of the fact that the only matter before the trial court on September 10, 2004 was the motion to suspend child support. As previously explained, the trial court denied the requested relief as moot, finding that the ongoing support obligation was already suspended. Mr. Ellis does not raise issue with that ruling, nor do we find any error in the trial court’s judgment.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.