Judge Daniel L. Dysart
This is an appeal of a trial court judgment granting a petition for a writ of mandamus in favor of plaintiff-appellee, Central St. Matthew United Church of Christ ("CSM") and ordering that the Clerk of Court for the Parish of Orleans *1245 remove a notice of lis pendens. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
CSM, a non-profit religious organization, was named as a defendant in a declaratory judgment action filed on May 23, 2017 by Keeping Our Legacy Alive, Inc. ("KOLA").[1] That action was the subject of a prior decision of this Court. In Keeping Our Legacy Alive, Inc. v. Cent. St. Matthew United Church of Christ , 17-1060 (La. App. 4 Cir. 10/31/18), 2018 WL 5660143, --- So.3d ---- (hereafter, " KOLA I "), the following factual background was set forth:
In the spring of 2005, Central Congregational United Church ("Central") entered into a rental agreement with St. Matthew United Church of Christ ("St. Matthews") to temporarily hold church services in a chapel at St. Matthew while Central's church building was undergoing repairs. At that time, Central owned the church building at 2401 Bienville Street, as well as several adjacent properties on Bienville Street, North Tonti Street, and Conti Street. St. Matthew owned a church on South Carrolton Avenue.
Until August 29, 2005, when Hurricane Katrina made landfall, the members of Central worshipped as their own congregation in the chapel leased from St. Matthew. But as a result of the impact from Hurricane Katrina, Central's congregation was disbursed and fewer members gathered to worship at the chapel. In October 2005, members of Central began to worship with the congregation of St. Matthew.
In September 2007, Central and St. Matthew entered into a "covenant" agreement to worship together as two congregations. By a second "covenant" agreement, Central and St. Matthew agreed to unify their congregations but maintain separate ownership of church properties.
In January 2010, Central and St. Matthew filed Articles of Incorporation with the Louisiana Secretary of State to create CSM, a nonprofit religious corporation. In October 2014, CSM filed Articles of Merger with the Louisiana Secretary of State to officially unite and merge Central and St. Matthew into the surviving corporation of CSM.
The Articles of Merger included the following provision:
At and after the Effective Time, all rights and ownership of the assets of St. Matthew and Central Congregational shall vest in CSM as the Surviving Corporation and CSM shall possess all the rights, privileges, immunities, powers and purposes of St. Matthew and Central Congregational, pursuant to La. R.S. 12:246.C and 12: 246.D.
The Articles of Merger listed the assets affected by the merger, including the church building at 2401 Bienville Street.
In December 2015, the Governing Council of CSM voted to sell the Bienville Street property. In January 2016, in response to CSM's vote to sell the property, a group of "pre-Katrina members of Central" organized and filed Articles of Incorporation to create KOLA, for the purpose of preserving the historic legacy and property of Central.
Id. , 17-1060, --- So.3d. at ----, at *2-3. (footnote omitted).
*1246 KOLA then filed suit on May 23, 2017, seeking "to 'declare invalid a purported merger' of Central and St. Matthew, and to enjoin the sale or encumbrance of immovable property purportedly transferred from Central to CSM in the Articles of Merger." Id. , --- So.3d. at ----, ----, at *3. The suit further alleged that "the 'purported merger' of Central and St. Matthew was null and void for failure to comply with the required procedures for the merger of non-profit corporations under La. R.S. 12:243." Id. --- So.3d. at ----, ---- at *3-4. KOLA then sought "a declaratory judgment voiding the Articles of Merger filed and recorded on October 20, 2014, and an injunction on the sale or encumbrance of 'any property acquired in the purported merger.' " Id. , --- So.3d. at ----, ---- at *4.
In response to this lawsuit, CSM filed an exception of prescription, which was granted by the trial court.[2] On appeal, this Court found that the matter was not prescribed. However, the Court found that KOLA's Petition for Declaratory Judgment and Injunction, as amended,[3] failed to disclose a right of action and failed to state a cause of action. In so finding, the Court noted that CSM's incorporation was legally valid "when the merger agreement was filed and recorded and the Secretary of State issued a certificate of merger." Id. , --- So.3d at ----, ---- at *6. It then noted that "the certificate of merger is conclusive evidence of the ... transfer of all property owned by Central to CSM as the surviving corporation of the merger." Id. Thus, the Court found that the petition did not "state an ultra vires claim seeking to invalidate 'an act of a corporation' as contemplated by La. R.S. 12:208(A) ; instead, plaintiffs' petition challenge[d] the legal authority - the act of merger - by which CSM claims title to the property formerly owned by Central." Id. , --- So.3d at ----, ---- at *7. It concluded that the trial court erred in finding that the claims were prescribed.
The Court then rejected the argument that the petition set forth a petitory action for which prescription does not run. This finding was based on KOLA's failure to allege a viable claim pursuant to La. C.C.P. art. 3651, the petitory action article, which requires that an action be "brought by a person who claims ownership , but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership ." Id. , --- So. 3d at ----, ----- at *8 (emphasis supplied). First, KOLA failed to allege that it owned the property at issue; to the contrary, KOLA's petition simply alleged that the property had been owned *1247 by Central before the merger. Second, KOLA failed to specifically seek a judgment recognizing it as the owner of the property. Accordingly, the petition failed to state a cause of action.
The Court likewise found that KOLA had no right of action to challenge the validity of the merger and transfer of title to the subject property to CSM because, under Louisiana law, and specifically, La. R.S. 12:205 (B), such a challenge could be brought "only in a proceeding ... by the State."[4] Id. , --- So.3d at ----, ---- at *9.
On February 21, 2018, prior to the KOLA I decision of this Court, but after the trial court had dismissed KOLA's suit on the exception of prescription, KOLA filed a notice of lis pendens in the mortgage records for Orleans Parish against the various properties owned by CSM.[5] It is this lis pendens which is the subject of the instant matter.
On April 10, 2018, CSM filed its Writ Petition and named as defendants: KOLA, Dale N. Atkins, in her capacity as the clerk of court and recorder of mortgages for Orleans Parish, and Ernest L. Jones, KOLA's attorney. The Writ Petition alleges that the lis pendens was improper "as a matter of law" because "Louisiana statutory law and jurisprudence clearly limit[ ] the filing of a lis pendens to matters relating to claims of ownership of the real property or where there is a claim to be a privilege on the immovable property." KOLA claimed neither an ownership interest in the property nor a privilege on any of the properties.
The Writ Petition alleges that, prior to filing suit, CSM wrote to KOLA's counsel, advising of the improper filing of the lis pendens, and requesting its removal from the mortgage records. Ten days then elapsed during which time KOLA failed to remove the lis pendens. CSM thus sought a writ of mandamus ordering the cancellation of the lis pendens pursuant to La. R.S. 44:114. CSM also sought damages and attorney's fees under La. R.S. 9:4833.
A hearing on the Writ Petition was conducted on April 26, 2018, following which the trial court rendered judgment on June 13, 2018 in CSM's favor, granting the writ of mandamus and ordering that the lis pendens be canceled.[6] The judgment *1248 awarded attorney's fees in the amount of $ 1,000.00 and all costs. KOLA timely appealed this judgment.[7]
DISCUSSION
In this appeal, KOLA maintains that the trial court improperly ordered the cancellation of the lis pendens, assigning error to the trial court's holding that "in the absence of a mortgage or lien, a claim of ownership must be asserted in the litigation supporting a notice of" lis pendens. We note that the record before us does not contain any reasons for judgment and the judgment does not expressly state the holding suggested by KOLA, although we note that, at the end of the hearing, the trial court did comment that "the ownership of the property ... is what governs" and that KOLA "does not have ownership interest in the property." The trial court took the matter under advisement; thus, it did not make any factual findings on the record.
A "district court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review." St. Bernard Port, Harbor & Terminal Dist. v. Guy Hopkins Constr. Co ., 16-0907, p. 4 (La. App. 4 Cir. 4/5/17), 220 So.3d 6, 10, writ denied sub nom. St. Bernard Port, Harbor & Terminal Dist. v. Got Hopkins Constr. Co. , 17-0746 (La. 9/15/17), 225 So.3d 1088 ; Constr. Diva, L.L.C. v. New Orleans Aviation Bd. , 16-0566, p. 13, n.6 (La. App. 4 Cir. 12/14/16), 206 So.3d 1029, 1037, writ denied , 17-0083 (La. 2/24/17), 216 So.3d 59. We have reviewed the record before us and find no manifest error in the trial court's judgment.
"A notice of lis pendens may be recorded to give notice of the pendency of an action affecting immovable property" pursuant to La. C.C.P. art. 3751. Campbell v. Melton , 01-2578, p. 5, n.4 (La. 5/14/02), 817 So.2d 69, 74. La. C.C.P. art. 3752 B specifies that the "notice shall be recorded in the mortgage office of the parish where the property to be affected is situated and has effect from the time of the filing for recordation." The purpose of a notice of lis pendens is to give effective notice to third persons of the pendency of an action affecting immovable property. Campbell, p. 5, n.4, 817 So.3d at 74.
Louisiana Code of Civil Procedure Article 3571 provides as follows:
The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.
Under the clear terms of this article, there are three manners for which a notice of lis pendens has effect; namely where an action (1) affects title to immovable property; (2) asserts a mortgage on immovable property; or (3) asserts a privilege on immovable property. In this case, there is no dispute that KOLA is not asserting an actual ownership interest in any of the properties or asserting a mortgage or privilege on the properties. Rather, KOLA takes the position that it is " 'a party' to an *1249 action 'affecting title,' " and thus, the lis pendens was properly filed.
Where a party asserts that a filing in the mortgage records has been made improperly, La. R.S. 44:114 authorizes an action against the recorder of mortgages to "compel the cancellation from the records of any instrument or document authorized or permitted to be cancelled," and to "cancel from the records any improperly recorded instrument or document." La. R.S. 44:114(2) and (3). This may be accomplished by seeking a writ of mandamus, defined as "a writ directing a public officer ... to perform any of the duties set forth in Articles 3863 and 3864." La. C.C.P. art. 3861. It is clear that, under Louisiana law, a writ of mandamus is the appropriate means by which to obtain the removal of a lien improperly recorded in the mortgage records. See Gootee Const., Inc. v. Atkins , 15-0376, p. 4, (La. App. 4 Cir. 11/4/15)178 So.3d 629, 632 ; Klein v. Recorder of Mortgages for Orleans Par., 430 So.2d 1047, 1050 (La. App. 4 Cir. 1983).
The question of whether the lis pendens in this case was improperly recorded turns on a determination of whether the interest asserted in the underlying suit is an action affecting title.
Initially, KOLA argues that "[t]he notice [of lis pendens is not concerned with the merits of the litigation." We do note that, even recently, this Court has recognized that "[s]o long as an action is pending and affects title to immovable property, then the notice of lis pendens giving notice of that action is proper and the merits of the pending action do not affect the propriety of the notice of lis pendens." Deutsche Bank Nat'l Tr. Co. for Morgan Stanley ABS Capital I Inc., Tr. 2004-WMC2 v. McNamara , 7-0173, p. 11, n. 3 (La. App. 4 Cir. 10/18/17), writ denied , 17-1918 (La. 2/2/18), 235 So.3d 1111 (quoting Ducote v. McCrossen , 95-2072, p. 2 (La. App. 4 Cir. 5/29/96), 675 So.2d 817, 818 ). However, while the merits of the underlying action may not affect "the propriety of the notice," there is still a requirement that the "pending action" affect title to immovable property.
KOLA relies heavily on the Ducote decision which found that a "suit seeking cancellation of ... a lease ... would be viewed as 'affecting title' [to the leased property] as the term 'affecting title' is used in Article 3751. Id. , p. 3, 675 So.2d at 819." KOLA argues that "if a 'lease cancelation' suit 'affects title' to the leased property such as to sustain a [lis pendens] on that property, then surely a 'petitory action' on named property must be held to sustain a [lis pendens] on that property."
KOLA's argument in this regard would require this Court to again consider whether the underlying action asserts a petitory action claim. This Court has already made the determination in KOLA I that KOLA's "allegations are wholly insufficient to state a petitory action," KOLA I , --- So.3d ----, ---- at *16. We will not reconsider that issue in this appeal.
We further note that the Notice of Lis Pendens KOLA filed in the mortgage records contradicts its contention that it is not claiming an ownership interest. In that Notice, KOLA specifically stated that "the object of the original suit [KOLA I] and of the [then-pending] appeal is to establish the ownership and title in the Central Congregational Church, represented by plaintiffs/appellants [KOLA] and against defendant/appellee [CSM] in certain corporate church property," listing those properties owned by CSM. See , footnote 5.
As we have already noted, and as KOLA has conceded, there is no dispute in this matter that the object of the underlying suit is not "ownership." This was clearly *1250 established at the hearing on the Writ Petition, when the trial court heard testimony from Ernest Jones, counsel for KOLA and a defendant in this matter. Mr. Jones testified that KOLA has never asserted any claim to a "right, title or interest in any of the properties" listed in the lis pendens. To the contrary, KOLA "was seeking to invalidate the merger" between Central and St. Matthew. While Mr. Jones testified that the underlying suit also sought to "show that the title [to the properties] was still in the name of [Central], not in the name of KOLA," KOLA sought to do so by challenging the validity of the merger. In KOLA I , KOLA requested an "injunction on the sale or encumbrance of 'any property acquired in the purported merger.' " KOLA I , --- So.3d ----, ---- at *3-4. Its claim was premised on the petition's allegation that the " 'purported merger' of Central and St. Matthew was null and void." Id. Thus, the object of the underlying action was the dissolution of the merger ; if KOLA was successful in the dissolution of the merger, the property would then revert back to Central.
Accordingly, we find that the pending action is not, as KOLA suggests, an action "affecting the title to" the properties. Even if, for the sake of argument, the merger between Central and St. Matthew was ultimately determined to have been improper, this Court already found in KOLA I , that KOLA has "no right of action against CSM to invalidate the merger and transfer of title to property." KOLA I , --- So.3d ----, ---- at *1. We know of no case law upholding the right of a party with no actual interest in an action to file a notice of lis pendens based on the action in which he has no interest. See Settoon v. Settoon , 413 So.2d 634, 635 (La. App. 1 Cir. 1982) ("[i]t is only when the action affects the title to, or asserts a mortgage or privilege on, immovable property that the party claiming or asserting such right is entitled to file a notice of lis pendens.").
Nor do we find that because this Court's decision in KOLA I is not final and is technically still "pending," insofar as KOLA may seek review of that decision with the Louisiana Supreme Court, that title to the properties in question is still "affected." Our jurisprudence reflects that, "[t]o allow an illegal or improper notice to remain recorded until the conclusion of the pending litigation would hamper or even prevent a land owner in his efforts to freely encumber or dispose of his property upon which the illegal or improper notice is recorded." McClain v. NMP, LLC , 18-297 (La. App. 5 Cir. 12/12/18), 262 So.3d 409, 416, 2018 WL 6520427 at *4-5 (citing Karst v. Fryar , 430 So.2d 318, 320-321 (La. App. 3rd Cir. 1983) ).
CONCLUSION
Based on the foregoing, we find no manifest error in the trial court's judgment granting the mandamus and ordering the cancelation of KOLA's lis pendens. The trial court's judgment is affirmed.
AFFIRMED

According to the Petition for Writ of Mandamus Pursuant to [La.] R.S. 44:114 (hereafter, "Writ Petition"), which initiated the instant lawsuit, the proper name of the entity is "Keeping Our Legacy Alive Community Development Corporation." KOLA's pleadings, too, reflect this name.

In its exception, CSM maintained that KOLA's claim seeking to invalidate the merger was an ultra vires action which was untimely filed pursuant to La. R.S. 12:208 (A)(1), which provides that "[a]n action by a member of a corporation, or of a conveyance or transfer of immovable property to or by a corporation, by reason of the fact that the corporation was without capacity or power to perform such act or make ... such conveyance or transfer" must be "brought within one year after the act was done or the conveyance or transfer was consummated, which time limit shall not be subject to suspension on any ground or interruption on any ground other than a timely suit."

KOLA filed two amending petitions. The first added four additional, individual plaintiffs, while the second added two specific allegations; (1) that the "purported merger was legally invalid to transfer title to real estate from Central Congregational to CSM for lack of consent for and for being signed by no individual with authority to bind Central Congregational ..." and (2) the "action is brought by the possessor of the subject property who denies any titled asserted by defendants."

La. R.S. 12:205 (B) provides, in pertinent part, that "[t]he certificate of incorporation shall be conclusive evidence of the fact that the corporation has been duly incorporated, except that in any proceeding brought by the state to annul, forfeit, or vacate a corporation's franchise, the certificate of incorporation shall be only prima facie evidence of due incorporation."

Those properties include 2401 Bienville St., 2305 Bienville St., 219 N. Tonti St., 329 N. Tonti St., and 2400 Conti St. See KOLA I .

The judgment in the record is entitled "Amended Judgment" and is accompanied by "Reasons for Amended Judgment" which state that a "prior judgment rendered on May 25, 2018 in case number 2017-4952 ... was done in error." The reasons further explain that proposed judgments were submitted by the parties and "because of the similarities in the parties, the court failed to recognize and correct the error made in the caption." The court then vacated the May 25, 2018 judgment. The May 25, 2018 judgment, apparently entered into the record of KOLA I rather than the instant matter, is not in the record. While counsel for KOLA has attached a copy of that judgment and the reasons for judgment to its appellate brief, because neither is contained within the record, this court cannot consider them. See , e .g ., State ex rel. Dep't of Health & Human Servs. v. Ellis , 04-1825, p. 2 (La. App. 4 Cir. 3/2/05), 898 So.2d 600, 601 ("[a]s a court of record, we must limit our review to that which is in the record before us."); See also , Bd. of Directors of Indus. Dev. Bd. of City of New Orleans v. All Taxpayers, Prop. Owners, Citizens of City of New Orleans , 03-0826, p. 4 (La. App. 4 Cir. 5/29/03), 848 So.2d 740, 744 ("appellate briefs and attachments thereto are not a part of the record on appeal ....").

The Motion for Appeal was filed by KOLA and also by "Cheryl Q. W. Cramer, Michael C. Dejoie, Fay D. Kaufman, and Karen V. Lodrig, and Ernest L. Jones" who allege to be "defendants in the above entitled and numbered cause." While Ernest L. Jones was named as a defendant in the Writ Petition, as KOLA's attorney, none of the other parties listed in the Motion for Appeal are parties to this lawsuit. They were not named as defendants; nor did they intervene in this action. Likewise, none of these parties are identified in the trial court's judgment.