| | | |
|---|---|---|
| MOF-PRESERVATION OF AFFORDABILITY CORP. | * | NO. 2025-CA-0562 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| CHELSEY RICHARD NAPOLEON, CLERK OF COURT AND EX-OFFICO RECORDER FOR THE PARISH OF ORLEANS, DEVONN JARRETT, ESQ. AND LAMONT M. HILLS, ESQ. | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2025-03207, DIVISION "F-14"
Honorable Jennifer M Medley
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

Richard L. Traina
Charles L. Stern, Jr.
STEEG LAW FIRM, L.L.C.
201 St. Charles Avenue, Suite 3201
New Orleans, LA 70170

     COUNSEL FOR PLAINTIFF/APPELLEE

DeVonn Harry-Joseph Jarrett
JARRETT LAW GROUP LLC
643 Magazine St.
Suite 301A
New Orleans, La 70130

Lamont M. Hills
HILLS DANIELS & ASSOCIATES, LLP
2439 Manhattan Blvd., Suite 401
Harvey, LA 70058

     COUNSEL FOR DEFENDANT/APPELLANT

     **REVERSED AND REMANDED**
     **FEBRUARY 12, 2026**

This case involves the cancellation of a notice of *lis pendens*, which was recorded on immovable property located at 3021 Rue Parc Fontaine, New Orleans, Louisiana 70131 (the "Parc Fontaine Apartments"). Appellants, DeVonn Jarrett and Lamont Hills ("Jarrett and Hills"), appeal the district court's June 27, 2025 judgment, which granted Appellee's, MOF-Preservation of Affordability Corp. ("MOF"), petition for a writ of mandamus and ordered Chelsey Richard Napoleon, Clerk of Court and Ex-Officio Recorder for the Parish of Orleans, to cancel the notice of *lis pendens* recorded in both the mortgage and conveyance records[1]. For the reasons that follow, we reverse the district court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

For the sake of brevity, we will outline only the facts that are pertinent to our review. Jarrett and Hills are attorneys that jointly represent Anita Clark ("Ms. Clark"). On January 16, 2025, Jarrett and Hills filed a *Petition for Damages* on behalf of Ms. Clark, alleging several causes of action arising from her lease of Apartment 207 at the Parc Fontaine Apartments, which is owned by MOF.[2] A few

---

[1] Specifically, Mortgage Instrument No: 1453384 and Conveyance Instrument 751663.

[2] In its argument before this Court and in its *Memorandum in Support of Petition for Writ of Mandamus and in Reply to Defendants Jarret and Hills' Opposition to the Petition*, MOF describes itself as a condominium development rather than a traditional apartment complex. It

1

weeks later, on February 7, 2025, a notice of *lis pendens* was filed on behalf of Ms. Clark. Following, MOF filed a petition for writ of mandamus on April 1, 2025, naming Jarrett and Hills as defendants. On April 24, 2025, Ms. Clark recorded her lease agreement for Apartment 207 in the conveyance records.[3] A hearing on the matter was held on April 29, 2025, at which time the presiding judge ruled from the bench, granting MOF's petition for mandamus and ordering that the *lis pendens* be cancelled. The judgment was reduced to writing and then signed on June 27, 2025. Jarrett and Hills timely filed a suspensive appeal.

## DISCUSSION

Jarrett and Hills assert four assignments of error[4] in their brief to this Court, which we find pose only one salient question: did the district court err when it

---

asserts that of the 790 units that comprise the condominium development, 704 are owned by MOF and the rest are owned by third parties. MOF requests that if this Court finds the notice of *lis pendens* is proper, that it be modified to affect only unit 207. However, as MOF concedes, the lease contract between MOF and Ms. Clark is entitled *Apartment Lease Contract* for the lease of Apartment No. 207. Nothing in the record supports MOF's contention. Further, the Orleans Parish Assessor's website shows 3021 Rue Parc Fontaine is located on a single parcel and is owned by a single entity. *See* https://beacon.schneidercorp.com/Application.aspx?AppID=979&LayerID=19792&PageTypeID=4&PageID=8663&Q=1437349493&KeyValue=3021-RUEPARCFONTAI. As we explained in *Minor Children v. Roman Catholic Church of Archdiocese of New Orleans*, "this Court . . . [is] empowered to take judicial notice of government websites." 24-0008, p. 10 (La. App. 4 Cir. 8/20/24), 401 So.3d 769, 778 (citing *Breston v. DH Catering, LLC*, 23-0460, p. 25, n.2 (La. App. 4 Cir. 2/5/24), 384 So.3d 953, 968.

[3] Instrument No: 2025-13144.

[4] Specifically, Jarret and Hills assert:

1. The [district] court erred as a matter of law when it ordered Honorable Chelsea Napoleon, in her capacity as Recorder of Mortgage[s] for Orleans Parish, to remove and cancel Anita Clark's Notice of Lis Pendens recorded as Mortgage Instrument No: 1453384 and as Conveyance Instrument 751663.

2. The [district] court erred as matter of law by finding that Ms. Clark's pending action does not affect title to Property.

3. The [district] court erred as a matter of law by failing to follow the controlling Louisiana Fourth Circuit Court of Appeal legal precedent established in *Ducote* and/or *Olano*.

2

granted the petition for writ of mandamus and ordered that the notice of *lis pendens* be cancelled? "This Court previously explained that '[a] district court's findings of fact in a mandamus proceeding are subject to a manifest error standard of review.'" *Olano v. Karno*, 22-0504, p. 5 (La. App. 4 Cir. 2/7/23), 357 So.3d 886, 890 (quoting *Cent. St. Matthew United Church of Christ v. Atkins*, 18-0823, p. 7 (La. App. 4 Cir. 1/30/19), 264 So.3d 1243, 1248). Therefore, in order to determine whether the district court erred when it granted the petition for mandamus, we will first explore the law and jurisprudence concerning a notice of *lis pendens*.

"'A notice of *lis pendens* may be recorded to give notice of the pendency of an action affecting immovable property' pursuant to La. C.C.P. art. 3751." *Id.* Specifically, La. C.C.P. art. 3751 provides:

> The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made, and filed or recorded, as required by Article 3752.

Louisiana Code of Civil Procedure article 3752 B mandates that the "notice shall be recorded in the mortgage office of the parish where the property to be affected is situated and has effect from the time of the filing for recordation." "The purpose of a notice of *lis pendens* is to give effective notice to third persons of the pendency of an action affecting immovable property." *Olano,* 22-0504, p. 5, 357 So.3d at 890. "That is, the idea behind the *lis pendens* is that it serves as notice about the suit until a judgment is rendered, after which the judgment itself serves

---

4. The [district] court erred by finding Ms. Clark's pending action and corresponding rights asserted in her pending actions would be preserved against third parties presumably without the need of the notice of *lis pendens*.

3

as notice and binds the subject parties and third parties." *225 Baronne Complex, LLC v. Roy Anderson Corp.*, 24-0401, p. 13 (La. App. 4 Cir. 1/31/25), 408 So.3d 291, 301 (citing *Nat'l Bank of Com. in New Orleans v. Justice*, 212 So.2d 711, 715 (La. App. 4th Cir. 1968)).

Jarrett and Hills argue that the district court erred when it failed to find that the *lis pendens* affected title within the meaning of La. C.C. art. 3751 as delineated by this Court first in *Ducote v. McCrossen*, 95-2072 (La. App. 4 Cir. 5/29/96), 675 So.2d 817, and more recently in *Olano*. MOF counters that because Ms. Clark's lease was not recorded until after the notice of *lis pendens* was filed, it could not be found to affect title as outlined by this Court in *Olano*. MOF interprets that opinion to conjunctively hold that a party must have filed a petition for damages *and* a properly recorded a lease in order for title to be affected. We find Jarret and Hills' position to be persuasive.

As we explained in *Olano*, "there are three manners for which a notice of *lis pendens* has effect[,] namely where an action[:] (1) affects title to immovable property; (2) asserts a mortgage on immovable property; or (3) asserts a privilege on immovable property." 22-0504, p. 6, 357 So.3d at 890 (quoting *Central St. Matthew*, 18-0823, p. 7, 264 So.3d at 1248). "Further, '[t]he notice of *lis pendens* is not concerned with the merits of the litigation which prompted its recordation.'" *Id.* (quoting *Whitney Nat'l Bank v. McCrossen*, 93-2160 (La. App. 4 Cir. 3/29/94), 635 So.2d 401, 403). "This is because beyond notifying the public of the property involved and the object/purpose of the pending suit with respect thereto, 'the notice has no role or function whatsoever' while the litigation is ongoing." *Baronne*, 24-0401, p. 13, 408 So.3d at 301 (quoting *L.E.C., Inc. v. Collins*, 332 So.2d 565, 568 (La. App. 1st Cir. 1976)). Therefore, "[t]he question of whether the *lis pendens* in

4

this case was improperly recorded turns on a determination of whether the interest asserted in the underlying suit is an action affecting title." 22-0504 at p. 6, 357 So.3d at 890 (alterations in original) (quoting *Central St. Matthew*, 18-0823, p. 8, 264 So.3d at 1249).

Akin to the scenario presented to the *Olano* Court, in this instance Ms. Clark has not asserted a mortgage or privilege on MOF's property. Thus, the issue is whether the petition for damages that alleged, among other things, a breach of the lease contract as the basis for the notice of *lis pendens* is sufficient to affect title within the meaning of La. C.C.P. art. 3751. We find that it is.[5]

Turning back to *Olano*, this Court, quoting *Ducote*, explained that "[i]f a lease of immovable property is recorded, then it may be asserted by the lessee against third persons acquiring rights from the owner of the immovable." *Olano*, 22-0504, pp. 6-7, 357 So.3d at 891 (quoting *Ducote*, 95-2072, p. 3, 675 So.2d at 819). We further explained "that title in this instance is affected in two ways: by the suit for damages based upon a breach of lease contract and by the recordation of the subsequent lease and usufruct." *Id*. at p. 8, 357 So.3d at 892 (quoting *Ducote*, 95-2072, p. 3, 675 So.2d at 819). As we previously noted, MOF would have us interpret that to mean that a suit for a breach of a lease contract must also be accompanied by a properly recorded lease in order to serve as an appropriate basis for a notice of *lis pendens*. We disagree. Reading further, the *Olano* Court, again quoting *Ducote*, clarified that "a suit seeking cancellation of such a lease

_____

[5] Because we find that a petition alleging a breach of a lease agreement is sufficient on its own as a basis for a notice of *lis pendens* we pretermit any discussion on the effect, if any, the recordation of Ms. Clark's lease might have. Further, we note that MOF points to a provision in Ms. Clark's lease agreement that forbade her from recording that lease under penalty of possible termination of the lease. Though not dispositive of the issue before us, we find it is probable that any such provision is unenforceable as being against public policy. *See* La. C.C. art. 7: "Persons may not by their juridical acts derogate from laws enacted for the protection of the public interest. Any act in derogation of such laws is an absolute nullity."

*also* would be viewed as 'affecting title' as the term 'affecting title' is used in Article 3751." *Id.* (emphasis in original). In other words, a suit seeking cancellation of a lease or, as in this case, a suit arising under a breach of lease contract, are each a sufficient basis on their own to affect title.

Accordingly, we find the district court erred when it granted MOF's petition for writ of mandamus and ordered the notice of *lis pendens* cancelled.

## DECREE

For the foregoing reasons, we reverse the district court's June 27, 2025 judgment. We order that the *lis pendens* be reinscribed in the parish records. We remand the case to the court below for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**